**UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| NATIONAL COUNCIL OF PRISON LOCALS et al., | : | No.: 3:25cv1907 (VDO) |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| FEDERAL BUREAU OF PRISONS et al., | : | May 20, 2026 |
| Defendants. | : | |

## NOTICE OF SUPPLEMENTAL AUTHORITY

Defendants respectfully provide notice of a recent decision by the United States Court of Appeals for the First Circuit. In *AFGE Loc. 2305 v. United States Dep't of Veterans Affs.*, the First Circuit reviewed the Government's motion to stay two district court orders concerning the termination of a collective bargaining agreement ("CBA") between a union and the Department of Veterans Affairs ("VA") while the Government's interlocutory appeals of those orders were pending appeal. *See* No. 26-1321, --- F,4th --- 2026 WL 1379424, at *1 (1st Cir. May 16, 2026). One order by the district court granted a preliminary injunction ("PI") and the other enforced and expanded the PI. *See id*. Last Saturday, the First Circuit granted the Government's motion for a stay pending appeal in part and denied it in part. *See id*. The decision addresses certain issues raised in the PI motion presently pending before the Court.

First, at the PI hearing in this case on April 30, Plaintiffs referenced the PI in *AFGE Loc. 2305*[1] and the Court alluded to the enforcement hearing on April 27 in the District of Rhode Island. *See* PI Mot. Hearing Tr., pp. 32, 67-68. In granting the stay in part, the First Circuit, among other things, agreed with the Government that the district court's enforcement order of its

---

[1]Additionally, on March 16, 2026, Plaintiffs filed a notice of supplemental authority as to the grant of a preliminary injunction in the underlying district court case. *See* ECF No. 50.

PI with a "'compliance' directive[2] . . . is utterly foreign to any type of labor-relations or contract suit that Congress has authorized and represents a significant intrusion on the Executive Branch" and would cause irreparable harm to the Government. *AFGE Loc. 2305*, 2026 WL 1379424 at*13. The First Circuit further concluded that "an order that requires the CBA's reinstatement would not itself entail that the District Court could police the enforcement of the agreement's terms in the manner that the enforcement order's 'compliance' requirement contemplates." *Id*. at *12. The First Circuit's decision posits jurisdictional problems with such a compliance requirement and underscores that the balance of equities weighs even greater in the Government's favor where a PI contemplates such a compliance mechanism. *See id.* at*12-13.

Second, in its partial denial of the stay, the First Circuit noted the Government did not argue at the district court level that the President's decision to exclude the VA from the FSLMRS rendered the CBA inoperable or explain "why it was more workable to keep the CBA in place as a binding agreement" in the months following Executive Order 14,251 "than it is now." *Id.* at *5-6. Here, Defendants have argued that "in light of the President's exclusion of the Bureau of Prisons from the FSLMRS, the CBA became inoperable and the director's termination was therefore implementation of a binding legal directive and not some discretion[ary] policy choice." PI Mot. Hearing Tr., pp. 37-38.[3] Defendants also explained that not terminating the CBA immediately following the executive order was out of respect for the "judicial process as

---

[2] "The District Court . . . 'order[ed] and instruct[ed]' that '[t]he [d]efendants' reinstatement of and compliance with the ... CBA ... be in both form <u>and</u> substance.' It further directed the defendants to continue processing 'the currently pending grievances and arbitrations submitted under the ... CBA.'" *AFGE Loc. 2305*, No., 2026 WL 1379424, at *4 (emphasis in original).

[3] *See also* PI Mot. Hearing Tr. pp. 35-39, 58; ECF No. 41, pp. 27, 34 (Omnibus Mot. and Resp.) ("Given the President's determinations . . . that the DOJ should not be subject to the requirements of the FSLMRS. . . . [T]he EO made all the necessary considerations and determinations and left no decision-making flexibility to the BOP."); ECF No. 51, p. 5, 7-8 (Reply Br.) ("[I]f an agency is exempted from the FSLMRS and there is no exclusive representation by a union there can be no CBA—it is abrogated. . . . The President's determination left no room for BOP to make an independent call on ending the CBA, and Plaintiffs' arguments mischaracterize . . . the independent follow-on effect of removal of FSLMRS coverage.").

many lawsuits were filed" and "in light of the litigation" where "there were three separate lawsuits filed seeking to enjoin the executive order and there were motions for preliminary injunctions and TROs shortly filed thereafter." *Id.*, p. 42. Upon receiving "favorable stay decisions at the beginning of August . . . restart[ing] implementation of [EO 14,251]" became more workable even while litigation was pending. *Id.*, p. 43. [4] Thus, while the First Circuit concluded the defendants in that case did not satisfy their "likelihood of success" factor as to that argument challenging the preliminary injunction, Defendants in this case have raised it and satisfied the factor here.

Respectfully submitted,

THE FEDERAL BUEARU OF PRISONS; and WILLIAM K. MARSHALL III, in his official capacity as Director of the BOP, hereby respectfully

By their attorneys

DAVID X. SULLIVAN
United States Attorney

_____/s/_____
J. Brian Meskill (ct29611)
Assistant United States Attorney
450 Main Street, Rm. 328
Hartford, CT 06103
Tel.: 860-947-1101
Fax: (860) 760-7979
Email: Brian.Meskill@usdoj.gov

BRETT A. SHUMATE
Assistant Attorney General

---

[4] *See also* ECF No. 41, p. 10 (Omnibus Mot. and Resp.) ("Due to litigation surrounding implementation of the EO . . . BOP awaited clarity before taking action to end the CBA with CPL-33"); ECF No. 51, p. 7 (Reply Br.) ("Plaintiffs' arguments mischaracterize the practical steps necessary to implement the President's directive—and attendant delays due to ongoing litigation.")

JACQUELINE COLEMAN SNEAD
Assistant Branch Director

Jeremy Mauritzen (CA Bar 354615)
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs
Branch 1100 L Street, N.W.
Washington, D.C. 20005
Tel.: (202) 598-7315
Email: jeremy.mauritzen@usdoj.gov