**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT**

NATIONAL COUNCIL OF PRISON LOCALS,
AMERICAN FEDERATION OF GOVERNMENT
EMPLOYEES, *et al.*

          *Plaintiffs*,

    v.

FEDERAL BUREAU OF PRISONS, *et al.*,

          *Defendants*.

Case No. 3:25-cv-01907

**PLAINTIFFS' RESPONSE TO DEFENDANTS' NOTICE**

The First Circuit's decision in *AFGE Local 2305 v. U.S. Department of Veterans Affairs*, No. 26-1321, --- F.4th ---, 2026 WL 1379424 (1st Cir. May 16, 2026), ("*Local 2305*") supports Plaintiffs' request for preliminary relief. Defendants' notice of that decision strongly underscores Plaintiffs' likelihood of success on the merits. The First Circuit *denied* the government's request to stay the Rhode Island district court's preliminary injunction that enjoined the Department of Veterans Affairs' termination of its collective bargaining agreement (CBA) with the plaintiffs in that case, notwithstanding the attempt by Defendants here to frame the First Circuit's decision around a partial grant relating to an entirely separate motion and order on a compliance question. The First Circuit held that the government had not made the required "strong showing" of likelihood of success, Slip Op. 15-20, and had not shown "that staying that injunction in the interim would not cause substantial injury to the plaintiffs or the public." Slip at 21-22. The First Circuit thus denied a stay of the district court's preliminary injunction against the CBA termination, which is analogous to the injunction that Plaintiffs seek here.

1

Defendants also claim to have articulated a clearer theory than in *Local 2305* for how the government could not abide by the CBA in this case. Notice at 2-3. Initially, Defendants say that the President's Executive Order made the CBA inoperable. Notice at 2. But this argument is contradicted by the factual record. Defendants complied with the CBA between March and September 2025, after issuance of the Executive Order. Next, Defendants contend that BOP considered litigation concerns in deciding when to terminate the CBA. But this contention fails for two other reasons. First, it is a post hoc rationalization that Defendants may not now rely upon. Nowhere in the September termination did BOP claim that its decision to terminate the CBA at that time was driven by litigation concerns. Second, Defendants failed to develop this argument in their opposition to Plaintiffs' motion for preliminary relief. And even had they tried, it only demonstrates that Defendants could and did comply with the CBA notwithstanding issuance of the Executive Order. Consequently, Defendants notice reinforces why Plaintiffs should prevail on their arbitrary and capricious claim. BOP had a legal obligation to explain why it was exercising its discretion to terminate the CBA when it did and a post hoc rationalization in litigation cannot carry the day. *Pub. Citizen, Inc. v. Mineta*, 340 F.3d 39, 53, 61 (2d Cir. 2003); *see* Pls.' Mot. for Prel. Inj. at 16 (ECF No. 28-1); Pls.' Reply at 4-5 (ECF No. 53).

Finally, Defendants claim that a "compliance requirement" would present significant harm to the government. Notice at 2. While Plaintiffs do not concede Defendants' assertion of harm, it is not pertinent to this matter because Plaintiffs have requested only a prohibitory injunction and preliminary relief under the Administrative Procedure Act against the September termination of CPL-33's CBA. *See* Proposed Order (ECF No. 28-7). There is no compliance motion or question before this court. The procedural posture of this case is thus distinguishable

from *Local 2305*. The First Circuit's case-specific compliance concern is no reason to deny the

tailored, prohibitory relief that Plaintiffs seek here.


Dated:  May 22, 2026                                    Respectfully submitted,

                                                        */s/ Daniel F. Jacobson*
                                                        Daniel F. Jacobson (D.C. Bar 1016621)*
                                                        Lynn D. Eisenberg (D.C. Bar 1017511)*
                                                        Kyla M. Snow (D.C. Bar 90036400)*
                                                        Brian C. Rosen-Shaud (D.C. Bar
                                                        90042065)*
                                                        Jacobson Lawyers Group PLLC
                                                        5100 Wisconsin Ave NW, Suite 301
                                                        Washington, D.C. 20016
                                                        (301) 823-1148
                                                        dan@jacobsonlawyersgroup.com

                                                        *Admitted *pro hac vice*

                                                        By: */s/ Logan J. Place*
                                                        Logan J. Place (ct31874)
                                                        Livingston, Adler, Pulda, Meiklejohn &
                                                        Kelly, P.C.
                                                        557 Prospect Avenue, 2nd Floor
                                                        Hartford, CT 06105
                                                        (860) 233-9821
                                                        ljplace@lapmk.org

                                                        *Counsel for Plaintiffs*

3