**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| NATIONAL COUNCIL OF PRISON LOCALS, AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, *et al.*<br><br>  *Plaintiffs*,<br><br>v.<br><br>FEDERAL BUREAU OF PRISONS, *et al.*,<br><br>  *Defendants*. | Case No. 3:25-cv-01907 |

**PLAINTIFFS' MOTION FOR EXTRA-RECORD DISCOVERY**

**INTRODUCTION**

Pursuant to this Court's April 30 order directing Plaintiffs to file any motion for discovery after reviewing the administrative record, Plaintiffs respectfully move for limited discovery. Defendants have produced a meager administrative record that is just 11 documents, almost all of which were already public. And the little information that the administrative record does contain confirms that extra-record discovery is essential here.

First, as numerous courts have held in similar circumstances, discovery is warranted on Plaintiffs' First Amendment claims, which are not brought under the Administrative Procedure Act (APA), do not "fundamentally overlap" with Plaintiffs' APA claim, and turn on fact-dependent questions of Defendants' intent that ordinarily would not be reflected in an administrative record, and certainly are not here. Second, for both the First Amendment and APA claims, extra-record discovery is appropriate because of the evidence in the existing record suggesting that the stated reason for the termination was pretextual, and because the administrative record contains almost no explanation or findings to explain why the union's collective bargaining agreement (CBA) was abruptly terminated when it was. Plaintiffs therefore seek tailored discovery concerning the decisionmaking process, the development of the Director's Message, and Defendants' consideration of Plaintiffs' protected speech.

**BACKGROUND**

On September 25, 2025, the BOP Director suddenly terminated the agency's long-standing CBA with CPL-33. The Director announced the termination through a letter conveyed to the CPL-33 president that was devoid of any reasoning, as well as through a "Message from the Director" (the "Director's Message") posted to the BOP website that same day. ECF Nos. 28-5, 28-6.

CPL-33 and Local 1661 at FCI Danbury brought suit challenging the termination of the CBA on two grounds: (1) it reflected arbitrary and capricious agency decisionmaking under the APA; and (2) it violated the union's First Amendment rights, because the termination constituted both retaliatory action and viewpoint discrimination. *See generally* Compl., ECF No. 1. Because Plaintiffs are suffering immediate, irreparable harm as a result of the abrupt CBA termination, they sought a stay under 5 U.S.C. § 705 or a preliminary injunction. *See* Pls.' Mot. for § 705 Relief or a Prelim. Inj. ("Pls.' Mot."), ECF No. 28. Before Defendants filed a response to that motion, in accordance with the Court's order on pretrial deadlines, ECF No. 9, the parties submitted a Rule 26(f) report, ECF No. 39. The parties took competing positions on the appropriateness of discovery in this case and proposed different schedules for resolution of the case. *See generally id.*

In response to Plaintiffs' motion for a stay under 5 U.S.C. § 705 or a preliminary injunction, Defendants filed an omnibus opposition and motion to dismiss under Rules 12(b)(1) and 12(b)(6) or stay the case.[1] Defs.' Mot. to Dismiss or Stay and Opp. to Pls.' Mot. ("Defs.' Mot."). Defendants also moved to vacate the Court's order on pretrial deadlines and to set a briefing schedule following adjudication of its motion to dismiss. ECF No. 42. The Court granted Defendants' motion to vacate, concluding that it must resolve the issues related to subject matter jurisdiction raised in Defendants' motion to dismiss before setting a schedule for further proceedings. ECF No. 43.

On April 28, the Court denied Defendants' motion to dismiss or to stay the case, concluding that it had subject matter jurisdiction over Plaintiffs' claims and that Plaintiffs had plausibly alleged claims under the First Amendment and the APA. ECF No. 54. The Court held a

---

[1] Defendants also moved to transfer the case for convenience, ECF No. 41, and the Court denied that motion, ECF No. 54.

hearing on the preliminary motion on April 30, and that same day, ordered Defendants to produce the administrative record by May 13. The Court further directed Plaintiffs to "file a motion for supplemental discovery, if any, on or before May 27." ECF No. 57. The Court also set a telephonic scheduling conference for June 24, at 2:00 p.m. *Id.*

On May 13, Defendants produced the certified administrative record (CAR). The administrative record contains just 11 documents, almost all of which were already public documents. *See* ECF No. 59.

## ARGUMENT

### I. Extra-Record Discovery Is Warranted

#### A. Discovery Is Appropriate on Plaintiffs' First Amendment Claims

Plaintiffs are entitled to discovery, at a minimum, on their claims that the termination of the CBA violated the First Amendment, both as retaliation for protected speech and as viewpoint discrimination.

Courts routinely grant extra-record discovery on constitutional claims that raise different factual and legal issues from APA claims in the case. Although a plaintiff cannot attach a constitutional claim to an APA claim simply as a means of circumventing the APA's record-review principle, discovery should not be foreclosed where a plaintiff brings a well-pleaded constitutional claim that does not "fundamentally overlap" with the plaintiff's APA claim. *California v. U.S. Dep't of Homeland Sec'y*, 612 F. Supp. 3d 875, 897 (N.D. Cal. 2020); *accord Nat'l TPS All. v. Noem*, 2025 WL 2419266, at *2 (N.D. Cal. Aug. 21, 2025); *see also Al-Saidi v. Noem*, No. 23-CV-4979, 2025 WL 959094, at *3 (S.D.N.Y. Mar. 31, 2025) (discussing cases where extra record discovery was permitted because "the proponents of extra-record discovery

plead and offer some evidence of constitutional violations distinct from the alleged APA violations").

This reasoning "accords with the foundational tenet of constitutional adjudication that 'where constitutional rights are in issue,' courts must ensure that 'the controlling legal principles are applied to the *actual facts of the case*.'" *Mayor & City Council of Baltimore v. Trump*, 429 F. Supp. 3d 128, 138–39 (D. Md. 2019) (quotations omitted); *see also Com. Drapery Contractors, Inc. v. United States*, 967 F. Supp. 1, 3 (D.D.C. 1997), *aff'd*, 133 F.3d 1 (D.C. Cir. 1998) ("The authority to examine plaintiffs' [constitutional] claims is independent of the APA, and such an examination requires an independent assessment of the facts and the law.") (citations omitted). Were it otherwise, plaintiffs asserting viable constitutional claims would be *penalized* solely because they also included APA claims in the complaint.

The need for extra-record discovery is particularly acute for First Amendment claims like those Plaintiffs bring here. "The APA framework does not displace the ordinary means by which plaintiffs may prove a First Amendment claim." *Authors Guild v. Nat'l Endowment for the Humanities*, No. 25-CV-3657 (CM), 2025 WL 3678097, at *13 (S.D.N.Y. Dec. 18, 2025). Viewpoint discrimination and First Amendment retaliation claims turn on the government's intent, a highly fact-bound question that ordinarily will not be addressed in an administrative record. Thus, where plaintiffs "allege viewpoint-based discrimination, courts may consider objective, contemporaneous evidence bearing on governmental purpose." *Id.*

Here, discovery on Plaintiffs' First Amendment claims is essential for these reasons. Each of the First Amendment claims is highly fact-dependent and development of the factual record will aid the Court in resolving them. To succeed on their retaliation claim, Plaintiffs must show that their protected speech was a substantial or motivating factor in the decision to

terminate the CBA. *NRA v. Vullo*, 144 F.4th 376, 387 (2d Cir. 2025), *cert. denied,* No. 25-479, 2026 WL 490650 (U.S. Feb 23, 2026). Discovery is thus necessary to probe Defendants' intent behind the termination of the CBA. *See Cobb v. Pozzi*, 363 F.3d 89, 108 (2d Cir. 2004) (in a First Amendment retaliation case, "questions concerning the employer's state of mind predominate[d] the inquiry"); *see also Everitt v. DeMarco*, 704 F. Supp. 2d 122, 129 (D. Conn. 2010); *NRA v. Cuomo*, 332 F.R.D. 420, 433 (N.D.N.Y. 2019). The Court has found that Plaintiffs plausibly alleged First Amendment retaliation based on the pronouncements in the Director's Message condemning the union. But discovery is necessary to *prove* the claim on the merits. Only extra-record discovery will show the reaction and response of agency leadership to the union's advocacy and other protected speech, and only discovery will reveal the extent to which retaliatory intent was behind the CBA termination. For instance, the administrative record does not and would not show the development of the Director's Message, and the reasons why the Director emphasized that the union had purportedly "slowed or prevented changes" and created "roadblocks." MTD Op. 18–19 (ECF No. 54).

Relatedly, on their viewpoint discrimination claim, Plaintiffs must show that Defendants' termination of the CBA targeted the union based on its viewpoints. *See NRA v. Vullo*, 602 U.S. 175, 176 (2024). Key here, where officials are granted discretion, officials may "suppress viewpoints in surreptitious ways that are difficult to detect." *Amidon v. Student Ass'n of State Univ. of New York at Albany*, 508 F.3d 94, 103 (2d Cir. 2007). Although the Director made clear that CPL-33 is "not the kind of union" he supports, MTD Op. 18–19, only discovery will definitively establish the link between that view and the termination of the CBA.

These First Amendment claims do not "fundamentally overlap" with Plaintiffs' APA claim. The First Amendment claims challenge the motivations and intent behind the decision to

6

terminate the CBA and require careful dissection of the facts and circumstances leading up to the decision to terminate, including Defendants' views about the union and their reaction to the union's protected speech. The arbitrary and capricious claim, on the other hand, relates to whether the agency engaged in reasoned decisionmaking, including whether the agency failed to consider alternatives or the reliance interests at stake, whether it failed to consider important aspects of the problem, and so on. Whereas the First Amendment claims depend on the "factual context" of the case, *Everitt*, 704 F. Supp. 2d at 129, the arbitrary and capricious claims turn on the legal sufficiency of the rationale provided, *Rosati v. Mayorkas*, 691 F. Supp. 3d 597, 602 (N.D.N.Y. 2023). The claims are meaningfully distinct, and adjudication of the First Amendment claim cannot be confined to the administrative record.

### B.  Discovery Is Appropriate on Both Claims Given the Content of the CAR

Extra-record discovery is appropriate for additional reasons—applicable to both the First Amendment and APA claims. The Second Circuit and the Supreme Court have recognized various circumstances where extra-record discovery is appropriate in APA cases, irrespective of whether plaintiffs bring constitutional claims in the case.

Specifically, the Second Circuit has endorsed extra-record discovery when: (1) "the district court needs to supplement the record with background information in order to determine whether the agency considered all of the relevant factors"; (2) "the absence of formal administrative findings makes such investigation necessary in order to determine the reasons for the agency's choice"; and (3) "there has been a strong showing in support of a claim of bad faith or improper behavior on the part of agency decisionmakers." *Safe Haven Home Care, Inc. v. U.S. Dep't of Health & Hum. Servs.*, 130 F.4th 305, 324 (2d Cir. 2025) (quotations omitted); *see also Manker v. Spencer*, No. 3:18-cv-372, 2019 WL 1506654, at *4 (D. Conn. Apr. 5, 2019)

(citing cases). On the final of these grounds, the Supreme Court has said that discovery is warranted where evidence in the administrative record shows that an agency head's stated reason for taking action is "contrived" and different from the official's actual reasons. *Dep't of Com. v. New York*, 588 U.S. 752, 782, 785 (2019); *see also Comm. of 100 on the Fed. City v. Foxx*, 140 F. Supp. 3d 54, 59 (D.D.C. 2015) ("Strong evidence of unalterably closed minds, for instance, could constitute such a showing and may justify discovery into the agency's decisionmaking process.").

Here, all three grounds for permitting discovery are present. Just as in *Department of Commerce*, evidence in the administrative record (the Director's Message) provides strong evidence that the official reasons for terminating the CBA were contrived. The Director's Message indicated that "the whole purpose of ending [the CBA]" was something other than the reason stated in the official termination letter. In these circumstances, discovery into the sequence of events, contemporaneous communications, and "the mental processes of agency decisionmakers" is warranted. *Dep't of Com.*, 588 U.S. at 781 (quotations omitted). The administrative record does not contain *any* information to explain the discrepancy between the stated reason for the termination and the reasons invoked in the Director's Message.

Extra-record discovery is also needed "to determine whether the agency considered all of the relevant factors," especially given "the absence of formal administrative findings" reflecting "the reasons for the agency's choice." *Safe Haven*, 130 F.4th at 324. Here, the "gap[s] in the administrative record" are glaring. *Manker*, 2019 WL 1506654, at *4. The administrative record contains no documents at all elucidating why the CBA was terminated, why it was terminated when it was, and why the termination was made effective immediately. "Determining whether extra-record discovery is appropriate is rooted in the principle that meaningful judicial review

requires that an agency 'disclose the basis' of its action." *Authors Guild*, 2025 WL 3678097, at

*9 (quoting *Burlington Truck Lines, Inc. v. United States*, 371 U.S. 156, 167–69 (1962)). Where,

as here, "the agency's opinion is barren of a reasoned explanation linking the facts found to the

choice made, review on the existing record collapses, not because the court seeks to probe

subjective motivations, but because it lacks the materials necessary to assess whether the agency

engaged in reasoned decision-making at all." *Id.* (quotations omitted).

## II.    The Court Should Authorize Tailored Discovery

The Court should authorize Plaintiffs to take tailored discovery. Such discovery would

include information on the sequence of events leading up to the termination, relevant

communications among agency decisionmakers about whether and when to terminate, the

development of the Director's Message, and any consideration of the union's advocacy and other

protected speech during the decisionmaking process underlying the termination. It would seem

that a relatively small universe of persons would be in possession of this information, and thus

discovery should not be unduly burdensome or lengthy.

## CONCLUSION

For the foregoing reasons, the Court should allow extra-record discovery on Plaintiffs'

claims.

Dated: May 27, 2026                          Respectfully submitted,

                                             */s/ Daniel F. Jacobson*
                                             Daniel F. Jacobson (D.C. Bar 1016621)*
                                             Lynn D. Eisenberg (D.C. Bar 1017511)*
                                             Kyla M. Snow (D.C. Bar 90036400)*
                                             Brian C. Rosen-Shaud (D.C. Bar
                                             90042065)*
                                             Jacobson Lawyers Group PLLC
                                             5100 Wisconsin Ave NW, Suite 301
                                             Washington, D.C. 20016

(301) 823-1148
dan@jacobsonlawyersgroup.com

*Admitted *pro hac vice*

By: */s/ Logan J. Place*
Logan J. Place (ct31874)
Livingston, Adler, Pulda, Meiklejohn &
Kelly, P.C.
557 Prospect Avenue, 2nd Floor
Hartford, CT 06105
(860) 233-9821
ljplace@lapmk.org

*Counsel for Plaintiffs*

10