**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT**

NATIONAL COUNCIL OF PRISON LOCALS,
AMERICAN FEDERATION OF GOVERNMENT
EMPLOYEES, *et al.*

       *Plaintiffs*,

    v.

FEDERAL BUREAU OF PRISONS, *et al.*,

       *Defendants*.

Case No. 3:25-cv-01907

**JOINT NOTICE**

On July 7, 2026, the parties met and conferred to discuss supplementing the certified administrative record ("CAR").

**BOP's position**: The BOP searched for documentation related to the August 2025 planned meeting as referenced in ECF No. 59 (CAR) at No. 5 (0031-0032) and discussed at the June 22, 2026, scheduling conference. The BOP confirmed with BOP participants that the meeting occurred but found no documentation. Therefore, there is nothing with which to supplement the record.

Plaintiffs did not identify materials allegedly omitted from the record in their extra-record discovery motion. *See* Defs.' Opp., pp. 6–7 (ECF No. 64). Plaintiffs still have not identified any other document to supplement the record with whose existence is beyond speculation. Again, Defendants have searched for the only specific instance Plaintiffs identified as allegedly omitted from the record at the scheduling conference. Defendants have, and continue to argue, that completion and supplementation of the CAR is inappropriate. *See id.*, generally.

Plaintiffs also request supplementation of any materials that were withheld in full as deliberative or otherwise privileged. Deliberative and privileged documents generally do not have to be logged because they are not part of the administrative record in the first instance, *see Blue Mountains Biodiversity Project v. Jeffries*, 99 F.4th 438, 445 (9th Cir. 2024); *Oceana, Inc. v. Ross*, 920 F.3d 855, 865 (D.C. Cir. 2019), and would certainly not be appropriate to supplement the record with. Plaintiffs have also not shown bad faith or improper behavior that might justify further inquiry. *See* Defs.' Opp., pp. 9-12; *Jeffries*, 99 F.4th at 445. And even if it were appropriate, Plaintiff's did not raise the issue in their motion—only in reply—and the argument is forfeited.

Defendants maintain their opposition to Plaintiffs' renewed motion for extra-record discovery.

**Plaintiffs' position**: During the parties' meet-and-confer, Plaintiffs requested that the agency supplement the administrative record with: all records relating to the August 2025 meeting between DOJ and BOP; all meetings relating to CPL-33's CBA between January 2025 and September 2025; all records relating to the Director's September 25, 2025 Message; and materials that were withheld in full as deliberative or otherwise privileged without identification. On that final category, Plaintiffs acknowledged that some documents may contain privileged material, but Defendants may not omit materials directly or indirectly considered by the decisionmaker without identifying the withheld materials and permitting the Court to assess any asserted privilege through ordinary mechanisms such as a privilege log, redactions, or in camera review. Pls.' Reply (ECF No. 65) (citing *Nat'l Rifle Ass'n of Am. v. Cuomo*, 332 F.R.D. 420, 435–36 (N.D.N.Y. 2019)).[1]

---

[1] Plaintiffs did not raise this last category of missing documents until their reply brief in support of extra-record discovery because Plaintiffs were unaware that Defendants omitted these

Defendants have confirmed that the administrative record lacks any information, aside from one email proposing a meeting, about a meeting that took place between BOP and DOJ officials in August 2025 about CPL-33's CBA, just a month before BOP terminated that agreement. Yet Defendants admit that a meeting did occur. Defendants do not—and could not plausibly—allege that BOP decisionmakers did not consider what was discussed at that meeting when determining whether and when to terminate the CBA. Indeed, Defendants identified the CAR's reference to this meeting as something that "connects the dots" of BOP's termination decision. Defs.' Opp. 6–7 (ECF No. 64).

Discovery is necessary because the certified administrative record lacks critical information, including but not limited to information discussed in the August 2025 BOP-DOJ meeting, that was directly or indirectly considered by BOP decisionmakers. Without discovery, Plaintiffs and the Court cannot "connect the dots" in the BOP's decisionmaking—they cannot determine who attended the meeting, what materials were considered, what follow-up occurred, or how the meeting related to the ultimate termination of the CBA. *Authors Guild v. Nat'l Endowment for the Humanities*, No. 25-CV-3657 (CM), 2025 WL 3678097, at *13 (S.D.N.Y. Dec. 18, 2025) (granting discovery in part because the Court "lacks the materials necessary to assess whether the agency engaged in reasoned decision-making") (cited in Plaintiffs' Motion for Discovery, ECF No. 63).

Discovery is also necessary as to the other materials that Plaintiffs identified as missing from the certified administrative record. Materials relating to the Director's September 25, 2025 Message and other meetings BOP held relating to CPL-33's CBA are necessary to have a complete record illuminating the agency's decision. Defendants also may not unilaterally

---

materials from the administrative record until Defendants admitted so in their opposition to Plaintiffs' motion. *See* Defs.' Opp. at 4.

withhold material they deem privileged without allowing Plaintiffs and the Court to evaluate their withholdings. *Authors Guild*, 2025 WL 3678097, at *12.[2]

Defendants are wrong that Plaintiffs only raised the issue of bad faith in their reply brief in support of extra record discovery. In their motion, Plaintiffs argued that "all three grounds for permitting discovery are present," the third of which was that "'there has been a strong showing in support of a claim of bad faith or improper behavior on the part of agency decisionmakers.'" Pls.' Mot. At 7-8 (quoting *Safe Haven Home Care, Inc. v. U.S. Dep't of Health & Hum. Servs.*, 130 F.4th 305, 324 (2d Cir. 2025). Specifically, Plaintiffs identified that "evidence in the administrative record (the Director's Message) provides strong evidence that the official reasons for terminating the CBA were contrived." *Id.* at 8.

Plaintiffs renew their request for limited extra-record discovery on all of their claims, including because the certified administrative record lacks information necessary to understand BOP's decision and to adjudicate Plaintiffs' claims, including their constitutional claims. *See generally* Pls.' Mot. for Extra-Record Discovery (ECF No. 63); Pls.' Reply (ECF No. 65). Discovery will be limited to the narrow universe of the September 25, 2025 termination decision, the Attorney General's directive, the Director's Message, and any consideration of CPL-33's protected advocacy. *See* Rule 26(f) Report (ECF No. 39).

Dated: July 8, 2026                    Respectfully submitted,

<div style="margin-left: 40%;">

*/s/ Daniel F. Jacobson*
Daniel F. Jacobson (D.C. Bar 1016621)*
Lynn D. Eisenberg (D.C. Bar 1017511)*
Kyla M. Snow (D.C. Bar 90036400)*
Brian C. Rosen-Shaud (DC Bar 90042065)*
Jacobson Lawyers Group PLLC
5100 Wisconsin Ave NW, Suite 301

</div>

---

[2] Defendants rely on only unpersuasive out-of-circuit authority in their response.

Washington, D.C. 20016
(301) 823-1148
dan@jacobsonlawyersgroup.com

*Admitted *pro hac vice*

Logan J. Place (ct31874)
Livingston, Adler, Pulda, Meiklejohn &
Kelly, P.C.
557 Prospect Avenue, 2nd Floor
Hartford, CT 06105
(860) 233-9821
ljplace@lapmk.org

*Counsel for Plaintiffs*


David X. Sullivan
United States Attorney


/s/_____
J. Brian Meskill (ct29611)
Assistant United States Attorney
450 Main Street, Rm. 328
Hartford, CT 06103
T: (203) 821-3700
F: (203) 773-5373
Brian.Meskill@usdoj.gov

BRETT A. SHUMATE
Assistant Attorney General

JACQUELINE COLEMAN SNEAD
Assistant Branch Director

Jeremy Mauritzen (CA Bar 354615) Trial
Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 20005
Tel.: (202) 598-7315
Email: jeremy.mauritzen@usdoj.gov


*Counsel for Defendants*

5