**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| NATIONAL COUNCIL OF PRISON LOCALS et al., | : | No. 3:25cv1907 (VDO) |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| FEDERAL BUREAU OF PRISONS et al., | : | |
| Defendants. | : | July 8, 2026 |

**ANSWER**

The Defendants, the Federal Bureau of Prisons ("BOP") and William K. Marshall III, in his official capacity as Director of the BOP,  by and through their attorneys, respectfully answer the allegations of Plaintiffs, National Council of Prison Locals, American Federation of Government Employees (CPL-33, AFGE) and CPL-33, AFGE Local 1661, AFL-CIO (Local 1661), Complaint, ECF No. 1, as follows.

**INTRODUCTION**

1. This paragraph consists of a legal citation and contains no factual allegations to which a response is required.

2. Denied.

3. Defendants admit that on September 25, 2025, the Director of the Federal Bureau of Prisons ("BOP") William Marshall terminated the BOP's collective bargaining agreement ("CBA") with CPL-33, AFGE and the use of the quoted phrase, but respectfully refer the Court to the termination letter for a complete and accurate statement of its contents. Defendants deny allegations in Paragraph 3 to the extent they are incomplete, inconsistent, or mischaracterize the letter.

1

4.  Defendants admit the BOP's termination letter implemented Execution Order 14251 (the "EO") which was issued by President Trump on March 27, 2025, and exempted agencies with primary functions in national security work from the Federal Service Labor-Management Relations Statute (FSLMRS) including the Department of Justice ("DOJ"), which includes the BOP. Defendants respectfully refer the Court to the EO and termination letter for a complete and accurate statement of their contents. The remainder of the paragraph is denied.

5.  Defendants admit that on September 25, 2025, the Director of the BOP issued a "Message from the Director." The remainder of the paragraph consists of a characterization of the message and contains no factual allegations to which a response is required. The Court is respectfully referred to the message for a complete and accurate statement of its contents. Defendants deny allegations in Paragraph 5 to the extent they are incomplete, inconsistent, or mischaracterize the message.

6.  Defendants admit that on September 25, 2025, the Director of the BOP issued a "Message from the Director" and the use of the quoted phrases but respectfully refer the Court to the message for a complete and accurate statement of its contents. Defendants deny allegations in Paragraph 6 to the extent they are incomplete, inconsistent, or mischaracterize the message.

7.  Denied.

8.  This paragraph consists of Plaintiffs' legal conclusions, to which no response is required. To the extent a response is required, the remainder of the paragraph is denied.

9. Defendants admit that on September 25, 2025, the Director of the BOP issued a "Message from the Director." The remainder of the paragraph consists of legal conclusions and a characterization of the message and contains no factual allegations to which a response is required. The Court is respectfully referred to the message for a complete and accurate statement of its contents. Defendants deny allegations in Paragraph 9 to the extent they are incomplete, inconsistent, or mischaracterize the message.

**JURISDICTION AND VENUE**

10. This paragraph consists of Plaintiffs' legal conclusions, to which no response is required.

11. This paragraph consists of Plaintiffs' legal conclusions, to which no response is required.

**PARTIES**

12. Defendants lack knowledge or information sufficient to form a belief regarding CPL-33, AFGE's current organizational details.

13. Defendants lack knowledge or information sufficient to form a belief regarding CPL-33, AFGE's current organizational details.

14. Defendants lack knowledge or information sufficient to form a belief regarding CPL-33, AFGE's current organizational details.

15. Admit Local 1661 was covered by the CBA between CPL-33, AFGE and BOP, which was terminated on September 25, 2025, and deny 1661 is presently covered by the CBA. As to the remainder of Paragraph 15, Defendants lack knowledge or information sufficient to form a belief regarding Local 1661's current organizational

details.

16. Admit.

17. Admit.

## LEGAL AND FACTUAL BACKGROUND

### A.  CPL-33's Current CBA and Other Representational Activity[1]

18. Admit.

19. Admit the since-terminated CBA between BOP and CPL-33, AFGE contained contractual provisions. The remainder of the paragraph consists of a characterization of the CBA and contains no factual allegations to which a response is required. The Court is respectfully referred to the CBA for a complete and accurate statement of its contents. Defendants deny allegations in Paragraph 19 to the extent they are incomplete, inconsistent, or mischaracterize the CBA.

20. Admit the since-terminated CBA between BOP and CPL-33, AFGE was the product of negotiations. The remainder of the paragraph consists of a characterization of the CBA and contains no factual allegations to which a response is required. The Court is respectfully referred to the CBA for a complete and accurate statement of its contents. Defendants deny allegations in Paragraph 20 to the extent they are incomplete, inconsistent, or mischaracterize the CBA.

21. Admit the since-terminated CBA between BOP and CPL-33, AFGE contained contractual provisions. The remainder of the paragraph consists of a characterization of the CBA and contains no factual allegations to which a response is required. The

---

[1] The headers in the complaint are utilized in the answer for organizational purposes only. Defendants neither admit or deny any allegations raised through these headers.

Court is respectfully referred to the CBA for a complete and accurate statement of its contents. Defendants deny allegations in Paragraph 21 to the extent they are incomplete, inconsistent, or mischaracterize the CBA.

22. Defendants lack knowledge or information sufficient to form a belief regarding CPL-33, AFGE's advocacy details.

23. Defendants lack knowledge or information sufficient to form a belief regarding CPL-33, AFGE's advocacy details.

**B. The President Exempts Certain Agencies from the FSLMRS but Does Not Require Termination of CBAs**

24. Admit the EO which was issued by President Trump on March 27, 2025, and exempted agencies with primary functions in national security work from the FSLMRS including the Department of Justice DOJ, which includes the BOP. The remainder of the paragraph consists of a characterization of the EO and contains no factual allegations to which a response is required. The Court is respectfully referred to the EO for a complete and accurate statement of its contents. Defendants deny allegations in Paragraph 24 to the extent they are incomplete, inconsistent, or mischaracterize the EO.

25. Admit the EO exempted agencies with primary functions in national security work from the FSLMRS, including the Department of Justice DOJ, which includes the BOP. The remainder of the paragraph consists of a characterization of the EO and contains no factual allegations to which a response is required. The Court is respectfully referred to the EO for a complete and accurate statement of its contents. Defendants deny allegations in Paragraph 25 to the extent they are incomplete, inconsistent, or mischaracterize the EO.

26. Admit the validity of the EO is subject to other litigation. The remainder of the paragraph consists of a characterization of the EO and contains no factual allegations to which a response is required. The Court is respectfully referred to the EO for a complete and accurate statement of its contents. Defendants deny allegations in Paragraph 26 to the extent they are incomplete, inconsistent, or mischaracterize the EO.

27. Admit OPM issued guidance in March 2025 advising agencies. The remainder of the paragraph consists of legal conclusions and a characterization of OPM guidance and contains no factual allegations to which a response is required. The Court is respectfully referred to the OPM guidance for a complete and accurate statement of its contents. Defendants deny allegations in Paragraph 27 to the extent they are incomplete, inconsistent, or mischaracterize the OPM guidance.

28. Admit OPM issued guidance in April 2025 advising agencies. The remainder of the paragraph consists of legal conclusions and a characterization of OPM guidance and contains no factual allegations to which a response is required. The Court is respectfully referred to the OPM guidance for a complete and accurate statement of its contents. Defendants deny allegations in Paragraph 28 to the extent they are incomplete, inconsistent, or mischaracterize the OPM guidance.

**C.  AFGE National Challenges the EO in the Northern District of California**

29. This paragraph consists of Plaintiffs' characterization of a lawsuit, to which no response is required.

30. This paragraph consists of Plaintiffs' characterization of a lawsuit, to which no response is required.

31. This paragraph consists of Plaintiffs' characterization of a lawsuit, to which no response is required.

32. This paragraph consists of Plaintiffs' characterization of a lawsuit, to which no response is required.

33. Admit.

34. Admit.

35. This paragraph consists of Plaintiffs' characterization of a lawsuit, to which no response is required.

36. Admit.

### D.  BOP Does Not Terminate Its CBA for Nearly Two Months after the Stay, and Takes Actions Consistent with the Terms of the CBA During That Time

37. Admit only BOP did not immediately terminate its CBA following the Ninth Circuit's stay of the preliminary injunction.

38. Defendants admit OPM issued an updated FAQ but deny they were received by BOP on August 13. The remainder of the paragraph consists of legal conclusions and a characterization of OPM guidance and contains no factual allegations to which a response is required. The Court is respectfully referred to the OPM guidance for a complete and accurate statement of its contents. Defendants deny allegations in Paragraph 38 to the extent they are incomplete, inconsistent, or mischaracterize the OPM guidance.

39. Admit.

40. Defendants admit it took time following the Ninth Circuit stay to implement the EO and terminate the CBA and continued in collective bargaining up to the termination of the CBA.

7

41. Defendants admit it took time following the Ninth Circuit stay to implement the EO and terminate the CBA and continued in collective bargaining up to the termination of the CBA. As to the remainder of Paragraph 41, Defendants lack knowledge or information sufficient to form a belief as to this paragraph.

42. The first sentence of Paragraph 42 consists of legal conclusions to which a response is not required. Defendants admit it took time following the Ninth Circuit stay to implement the EO and terminate the CBA and continued in collective bargaining up to the termination of the CBA.

43. Admit BOP notified employees of their rights to union representation up to the termination of the CBA on September 25, 2025. The remainder of Paragraph 43 consists of legal conclusions to which a response is not required.

44. Defendants admit it took time following the Ninth Circuit stay to implement the EO and terminate the CBA and continued in collective bargaining up to the termination of the CBA. The remainder of the paragraph consists of legal conclusions to which a response is not required.

45. Defendants admit it took time following the Ninth Circuit stay to implement the EO and terminate the CBA and continued in collective bargaining up to the termination of the CBA. The remainder of Paragraph 45 consists of legal conclusions to which a response is not required.

46. Defendants admit it took time following the Ninth Circuit stay to implement the EO and terminate the CBA and continued in collective bargaining up to the termination of the CBA. The remainder of Paragraph 46 consists of legal conclusions to which a response is not required.

47. Defendants admit it took time following the Ninth Circuit stay to implement the EO and terminate the CBA and continued in collective bargaining up to the termination of the CBA. The remainder of paragraph 47 consists of legal conclusions to which a response is not required.

48. Defendants admit it took time following the Ninth Circuit stay to implement the EO and terminate the CBA and continued in collective bargaining and did not dismantle union designated space in all BOP facilities up to the termination of the CBA.

E. **BOP Terminate the CBA Because CPL-33 Is Not A Union that the Director "Supports"**

49. Admit that on September 25, 2025, Defendant Marshall terminated the BOP's CBA with CPL-33. The remainder of the paragraph is denied.

50. Defendants admit that on September 25, 2025, the Director of the Federal Bureau of Prisons (BOP) William Marshall terminated the BOP's CBA with CPL-33, AFGE and the use of the quoted phrase, but respectfully refer the Court to the termination letter for a complete and accurate statement of its contents. Defendants deny allegations in Paragraph 50 to the extent they are incomplete, inconsistent, or mischaracterize the termination letter.

51. The paragraph consists of a characterization of the termination letter and contains no factual allegations to which a response is required. The Court is respectfully referred to the termination letter for a complete and accurate statement of its contents. Defendants deny allegations in Paragraph 51 to the extent they are incomplete, inconsistent, or mischaracterize the termination letter.

52. Defendants admit that on September 25, 2025, the Director of the BOP issued a "Message from the Director" and the used of the quoted language. The remainder of

the paragraph consists of a characterization of the message and contains no factual allegations to which a response is required. The Court is respectfully referred to the message for a complete and accurate statement of its contents. Defendants deny allegations in Paragraph 52 to the extent they are incomplete, inconsistent, or mischaracterize the message.

53. Denied.

54. Defendants admit the message used the quoted phrases but respectfully refer the Court to the message for a complete and accurate statement of its contents. Defendants deny allegations in Paragraph 54 to the extent they are incomplete, inconsistent, or mischaracterize the termination letter.

55. Denied.

## CAUSE OF ACTION

### COUNT ONE
### Violation of the Administrative Procedure Act, 5 U.S.C. § 706(2)(A) Arbitrary and Capricious Agency Action

56. The answers to paragraphs 1-55 above are incorporated and reasserted as if fully set forth herein.

57. This paragraph, which consists of legal conclusions, contains no factual allegations to which a response is required.

58. This paragraph, which consists of legal conclusions, contains no factual allegations to which a response is required.

59. This paragraph, which consists of legal conclusions, contains no factual allegations to which a response is required. To the extent that a response is required, the allegations are denied.

60. This paragraph, which consists of legal conclusions, contains no factual allegations to which a response is required. To the extent that a response is required, the allegations are denied.

61. This paragraph, which consists of legal conclusions, contains no factual allegations to which a response is required. To the extent that a response is required, the allegations are denied.

62. This paragraph, which consists of legal conclusions, contains no factual allegations to which a response is required. To the extent that a response is required, the allegations are denied.

63. This paragraph, which consists of legal conclusions, contains no factual allegations to which a response is required. To the extent that a response is required, the allegations are denied.

64. This paragraph, which consists of legal conclusions, contains no factual allegations to which a response is required. To the extent that a response is required, the allegations are denied.

65. This paragraph, which consists of legal conclusions, contains no factual allegations to which a response is required. To the extent that a response is required, the allegations are denied.

**COUNT TWO**
**First Amendment**
**Contrary to Constitution Right, 5 U.S.C. § 706(2)(B)**

66. The answers to paragraphs 1-65 above are incorporated and reasserted as if fully set forth herein.

11

67. This paragraph, which consists of legal conclusions, contains no factual allegations to which a response is required. To the extent that a response is required, the allegations are denied.

68. This paragraph, which consists of legal conclusions and characterizations of a message, contains no factual allegations to which a response is required. To the extent that a response is required, the allegations are denied. The Court is respectfully referred to the message for a complete and accurate statement of its contents. Defendants deny allegations in Paragraph 68 to the extent they are incomplete, inconsistent, or mischaracterize the termination letter.

69. This paragraph, which consists of legal conclusions, contains no factual allegations to which a response is required. To the extent that a response is required, the allegations are denied.

70. This paragraph, which consists of legal conclusions, contains no factual allegations to which a response is required. To the extent that a response is required, the allegations are denied.

**<u>PRAYER FOR RELIEF</u>**

The remaining paragraphs of the complaint contain Plaintiffs' requested relief, to which no response is required. To the extent that a response is deemed necessary, Defendants deny allegations contained in the prayer for relief and deny that Plaintiffs are entitled to the requested relief or any relief whatsoever.

\*\*\*

Defendants hereby deny each and every allegation in the Complaint not expressly admitted or qualified above and deny that Plaintiffs are entitled to the relief requested or to any other relief.

**DEFENSES**

1. This Court lacks subject matter jurisdiction over the claims brought by Plaintiffs.

2. Another statute forbids the relief sought in the APA suit (5 U.S.C. § 702).

3. Another statute precludes judicial review of the agency action in question (5 U.S.C. § 701(a)(1)).

4. The agency action in question is "committed to agency discretion by law" (5 U.S.C. § 701(a)(2)).

5. Defendants' actions did not violate the Administrative Procedure Act, the Constitution, or any other statutory or regulatory provision.

WHEREFORE, having fully answered, Defendants respectfully request that the Court enter judgment dismissing this action with prejudice and awarding Defendants costs and such other relief as the Court may deem appropriate.

Respectfully submitted,

THE FEDERAL BUEARU OF PRISONS; and WILLIAM K. MARSHALL III, in his official capacity as Director of the BOP, hereby respectfully

By their attorneys

DAVID X. SULLIVAN
United States Attorney

13

/s/
_____
J. Brian Meskill (ct29611)
Assistant United States Attorney
450 Main Street, Rm. 328
Hartford, CT 06103
Tel.: 860-947-1101
Fax: (860) 760-7979
Email: Brian.Meskill@usdoj.gov

BRETT A. SHUMATE
Assistant Attorney General

JACQUELINE COLEMAN SNEAD
Assistant Branch Director


Jeremy Mauritzen (CA Bar 354615)
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs
Branch 1100 L Street, N.W.
Washington, D.C. 20005
Tel.: (202) 598-7315
Email: jeremy.mauritzen@usdoj.gov

14