**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

NATIONAL COUNCIL OF PRISON LOCALS, AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, *et al.*

*Plaintiffs*,

v.

FEDERAL BUREAU OF PRISONS, *et al.*,

*Defendants*.

Case No. 3:25-cv-01907

**MOTION FOR CONTEMPT OR IN THE ALTERNATIVE TO ENFORCE**

Plaintiffs move to hold Defendants Federal Bureau of Prisons (BOP) and William K. Marshall III, in his official capacity as Director, in civil contempt of the September 29, 2026 preliminary injunction order (the Order) (ECF No. 72), under the Court's inherent authority. The accompanying memorandum and declarations support this motion.

The Order requires Defendants to "immediately reinstate the CBA" and its subsidiary amendments, local supplemental agreements, and memoranda of understanding. ECF No. 72 at 2, 32. Defendants acknowledge that command but to date have identified no implementing action in either their "Notice of Compliance" or their attached memorandum from Malia Wilber, Assistant Director, Human Resource Management Division, asserting compliance. ECF Nos. 74 at 1; 74-1 at 1. In response to Plaintiffs' request on October 5, 2026, that Defendants identify all specific steps BOP has taken to comply with the injunction, Defendants' counsel listed none, instead stating: "To the extent your clients believe the BOP is not adhering to any term provided for within the CBA, . . . their recourse for any alleged breach is to follow the procedures provided in the Agreement." Ex. 6 at 1.

Plaintiffs request expedited consideration under Local Civil Rule 7(a)(4) because noncompliance perpetuates the irreparable injuries identified in the Order. ECF No. 72 at 28–30. Plaintiffs request a prompt response schedule and an evidentiary hearing, if needed, to resolve disputed material facts.

Plaintiffs request that the Court:

1. Find Defendants in civil contempt for failing to reinstate the CBA and the subsidiary agreements;
2. Require a sworn compliance certification within 48 hours from Director Marshall or a responsible senior BOP official, identifying the steps BOP has taken to implement the order and attaching the instructions BOP has issued to employees;
3. Grant further relief needed to secure compliance as necessary, including coercive sanctions.

Dated: October 6, 2026

Respectfully submitted,

*/s/ Daniel F. Jacobson*
Daniel F. Jacobson (D.C. Bar 1016621)*
Lynn D. Eisenberg (D.C. Bar 1017511)*
Brian C. Rosen-Shaud (D.C. Bar 90042065)*
Jacobson Lawyers Group PLLC
5100 Wisconsin Ave NW, Suite 301
Washington, D.C. 20016
(301) 823-1148
dan@jacobsonlawyersgroup.com

*Admitted *pro hac vice*

By: *<u>/s/ Logan J. Place</u>*
Logan J. Place (ct31874)
Livingston, Adler, Pulda, Meiklejohn &
Kelly, P.C.
557 Prospect Avenue, 2nd Floor
Hartford, CT 06105
(860) 233-9821
ljplace@lapmk.org

*Counsel for Plaintiffs*