# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

NATIONAL COUNCIL OF PRISON LOCALS, AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, *et al.*

*Plaintiffs*,

v.

FEDERAL BUREAU OF PRISONS, *et al.*,

*Defendants*.

Case No. 3:25-cv-01907

**SUPPLEMENTAL DECLARATION OF BRANDY WHITE**

I, Brandy White, declare as follows:

1. I make this declaration based on my personal knowledge, information, and belief.

2. I am a Facilities Assistant at the Federal Correctional Complex in Forrest City, Arkansas, and I am the President of the American Federation of Government Employees Council of Prison Locals 33 ("CPL-33"). CPL-33 represents approximately 30,000 Bureau of Prisons ("BOP") employees at institutions across the country.

3. On December 22, 2025, I submitted a declaration in this case describing CPL-33, the protections provided by its collective bargaining agreement ("CBA") with BOP, BOP's September 25, 2025 termination of that agreement, and the resulting harms to CPL-33 and BOP employees. On September 29, 2026, the Court entered a preliminary injunction requiring BOP to restore the CBA and to return to the practices that were in effect before BOP terminated the agreement. I submit this supplemental declaration to provide the Court with information concerning BOP's failure to comply with that order.

4. As CPL-33's President, I regularly communicate with CPL-33's regional vice presidents, local union presidents, officers, and BOP employees throughout the country concerning labor-management relations at their institutions. Since the Court entered its order, I have asked CPL-33's regional and local leaders to report whether BOP has restored the practices required by the CBA at their institutions and to document management's responses to their requests. The facts below are based on those communications and records, which I received and reviewed in the course of my duties as CPL-33's President, and on events at my own institution.

5. Before BOP terminated the CBA, the agreement governed day-to-day labor-management relations at every BOP institution. Among other things, local union officials received official time to perform representational duties; the union was provided office space at each institution; union officials had access to staffing rosters; local union leaders and management held regular labor-management-relations ("LMR") meetings; locally negotiated memoranda of understanding ("MOUs") governed a wide range of working conditions; and employees could request union representation in investigatory interviews and disciplinary meetings.

6. As of October 5, 2026, CPL-33 locals have reported that BOP has not restored any of those contractual rights. Union offices have not been returned, roster access has not been restored, local MOUs have not been reinstated, LMR meetings have not resumed, and official time requests are being denied or left unanswered. BOP has also not provided me, as CPL-33's President, with any plan or timeline for implementing the Court's order. Instead, as described below, local union leaders are being told that wardens have received no guidance, that the order is under review or at the agency's discretion, or that wardens have been instructed to do nothing - in defiance of the Court's order.

7. On October 5, 2026, a CPL-33 local president reported to me that he had a lengthy conversation that morning with the Warden of his institution. The Warden told him that wardens are being verbally instructed not to comply with the Court's order and to ignore it. According to the Warden, the instruction boils down to "don't do anything until a court or someone else makes you do it."

8. On October 1, 2026, Jonathan Eperson, President of AFGE Local 612 at USP Big Sandy, reported that he had met that morning with the institution's Acting Warden, who told him that the Regional Director had instructed him not to work with the union on anything and to keep everything status quo.

9. On October 5, 2026, Mr. Eperson attempted to represent a bargaining unit employee in a disciplinary meeting. The Warden would not acknowledge Mr. Eperson as a union representative.

10. At FCI Manchester, management advised the local union on October 5, 2026 that word had been "put out" that management were "not [to] do anything yet" in response to the Court's order.

11. At USP McCreary, Warden Tim Taylor told the local president on October 5, 2026 that he had "been told nothing thus far," and that he had received "zero guidance." The union's former office at USP McCreary has been converted into an employees' club store. When the local president asked about restoring the office to the union, the Warden responded, he could not.

12. At FCI Morgantown, Acting Warden John Squires responded to the local union's requests on October 5, 2026 by stating that the "matters raised are currently under review" and

that "the order is at agency discretion." The local president was also advised that he would not be permitted to attend the department head meeting scheduled for the following day.

**13.** At USP Pollock, CPL-33's National Legislative Coordinator, Tommy Moore, was told by someone in attendance at the meeting that Warden Goldey stated in a department head meeting on or about October 1, 2026 that, as long as he was at Pollock, nothing would change.

14. At FMC Lexington, official time requests have been denied. Acting Associate Warden David Boyer responded that management was "still waiting further guidance as to how our agency is going to proceed in relation to the restoration of the Union and related procedures." Other supervisors have refused to respond to the local's requests at all.

15. At USP Lee, official time requests have likewise been denied. Acting Warden C. Nunley responded that he was "awaiting further guidance." On October 5, 2026, management denied a written official time request submitted by Austin Dean, the Executive Vice President of AFGE Local 1405, and refused to sign a second request form, which the local then submitted by email.

16. At FCI Ashland, when AFGE Local 1286 requested official time and restoration of its roster access, management did not act on the requests. Instead, management provided a link to a centralized BOP Human Resource Management labor-relations mailbox and told the local president to send any requests there.

17. Between October 2 and October 5, 2026, eleven locals in the region—at El Reno/Oklahoma City, Carswell, Beaumont, FDC Houston, Pollock, Grand Prairie (DSCC), Fort Worth, Big Spring, Bastrop, Oakdale, and Three Rivers—served written notices or formal demands for compliance with the Court's order on their wardens, including requests for official time and recognition of the union. As of October 5, ten of those eleven locals had received no

substantive response. Seven additional locals in the region, at La Tuna, Forrest City, Oakdale, Seagoville, Texarkana, Memphis, and FPC Bryan, likewise reported no response from management.

18. On October 4 and 5, 2026, the Warden at FMC Carswell issued written denials of the local's requests for union representation, for partnership discussions, and for reinstatement of staff.

19. After terminating the CBA, BOP eliminated compressed work schedules at many facilities. Under the CBA, compressed work schedules were negotiated at each institution between local leadership and union officials. Many union members have worked their entire careers on compressed work schedules and organized their lives around the flexibility these schedules, with longer shifts and fewer work days, provided. Notwithstanding the Court's order, BOP has not restored compressed work schedules at any institution of which I am aware, and no local has reported to me that management has offered to negotiate their restoration. The continued loss of compressed work schedules has contributed to experienced employees leaving BOP, which in turn makes facilities less safe for staff and inmates.

20. In sum, as of the date of this declaration, BOP has not taken steps to reinstate the CBA. Across the country, wardens are telling local union leaders that they have received no guidance, that the order is under review or at the agency's discretion, or that they have been instructed to do nothing, and at my own institution management told an employee facing removal that there is no union. Each day that BOP delays, CPL-33's locals are unable to obtain

official time, meet with management, access rosters, or represent their members, and employees are losing the protections of the CBA.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 6th day of October, 2026.

Brandy White