**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| NATIONAL COUNCIL OF PRISON LOCALS, AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, *et al.*<br><br>*Plaintiffs*,<br><br>v.<br><br>FEDERAL BUREAU OF PRISONS, *et al.*,<br><br>*Defendants*. | Case No. 3:25-cv-01907 |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST FOR EXPEDITED CONSIDERATION**

Plaintiffs respectfully file this opposition to Defendants' request for expedited consideration of their motion for clarification or, alternatively, modification or dissolution of the preliminary injunction, ECF No. 85, 85-1. Plaintiffs will file a full response to Defendants' motion at the appropriate time under the Local Rules or pursuant to any schedule the Court sets.

Defendants have not demonstrated the "good cause" required for expedition by Local Civil Rule 7(a)(6). Defendants' asserted "emergency" is that they must continue complying with the Court's injunction unless and until the Court grants relief. ECF No. 85-1 at 2. That is the ordinary consequence of an injunction, not a reason to require briefing and a decision within ten days. A bare desire to terminate the CBA immediately does not justify an abbreviated schedule. And Defendants' invocation of Executive Order 14251 is no basis for expedition either, given that BOP waited for months to terminate the CBA after the Executive Order was issued and no

injunction precluded termination. Defendants do not identify an immediate or imminent threat that would result from adjudicating their motion in the normal course.

Moreover, any self-perceived emergency is entirely one of Defendants' own making. They could have filed this motion immediately after the Court entered its preliminary injunction, instead of filing their "Notice of Compliance" and engaging in self-help. Defendants ask this Court to set a compressed schedule to make up for the time they lost by not complying with the injunction. That is not good cause to expedite.

Defendants' analogy to the expedited consideration of Plaintiffs' enforcement motion, ECF No. 85-1 at 2, is misplaced and does not establish good cause. That motion sought compliance with an existing injunction entered to prevent irreparable harm to Plaintiffs. Defendants now seek to lift those protections, and the Court's prompt enforcement of its own order does not establish an entitlement to expedited consideration of a motion to undo it.

On the other hand, there is good reason to deny expedited consideration. Within the next week, Plaintiffs intend to move to file a supplemental complaint under Federal Rule of Civil Procedure 15(d), incorporating events subsequent to Plaintiffs' Complaint. Defendants' motion should be considered in the context of that supplemental complaint.

Plaintiffs respectfully request that the Court deny expedited consideration and permit briefing under the ordinary schedule provided for under Local Civil Rule 7(a)(2). Plaintiffs reserve their response to the merits of Defendants' motion for their full opposition to the motion.

Dated: October 21, 2026

Respectfully submitted,

/s/ Daniel F. Jacobson
Daniel F. Jacobson (D.C. Bar 1016621)*
Lynn D. Eisenberg (D.C. Bar 1017511)*
Brian C. Rosen-Shaud (D.C. Bar 90042065)*
Jacobson Lawyers Group PLLC
5100 Wisconsin Ave NW, Suite 301
Washington, D.C. 20016
(301) 823-1148
dan@jacobsonlawyersgroup.com

*Admitted *pro hac vice*

By: /s/ Logan J. Place
Logan J. Place (ct31874)
Livingston, Adler, Pulda, Meiklejohn & Kelly, P.C.
557 Prospect Avenue, 2nd Floor
Hartford, CT 06105
(860) 233-9821
ljplace@lapmk.org

*Counsel for Plaintiffs*