**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

NATIONAL COUNCIL OF PRISON LOCALS, AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, *et al.*

*Plaintiffs*,

v.

FEDERAL BUREAU OF PRISONS, *et al.*,

*Defendants*.

Case No. 3:25-cv-01907-VDO

**MOTION FOR LEAVE TO SUPPLEMENT**

Pursuant to Federal Rule of Civil Procedure 15(d), Plaintiffs respectfully request leave to file a supplemental complaint. Attached as Exhibit 1 is the proposed supplemental complaint. Plaintiffs conferred with Defendants regarding this motion, and Defendants indicated they would not agree to the filing of a supplemental complaint. The grounds for this motion are set forth below.

**STANDARD OF REVIEW**

Rule 15(d) provides that "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Rule 15(d) motions are evaluated under the same liberal standards used to evaluate motions to amend pleadings under Rule 15(a). *See New York State Nat. Org. for Women v. Cuomo*, 182 F.R.D. 30, 36 (S.D.N.Y. 1998). Under that standard, leave "shall be freely given when justice so requires." *Id.* (quoting F.R.Civ.P. 15(a)). Accordingly, "[a]bsent undue delay, bad faith, dilatory tactics, undue prejudice to the party to be served with the proposed pleading, or futility," motions to

supplement "should be freely granted." *Quaratino v. Tiffany & Co.*, 71 F.3d 58, 66 (2d Cir. 1995). The party opposing a Rule 15(d) motion "bears the burden of establishing that amendment would be futile[,]" *Destine v. Joseph*, 2021 WL 5827652, at *1 (S.D.N.Y. Dec. 8, 2021).

**ARGUMENT**

Plaintiffs seek to supplement solely to add facts and related claims based on events that have occurred since Plaintiffs filed their initial complaint on November 13, 2025. Of particular note, following this Court's order granting Plaintiffs' motion for preliminary injunction, BOP has made the final decision to re-terminate the CBA. On October 7, 2026, the Bureau of Prisons released a memorandum purporting to effectuate that re-termination. ECF No. 79 at 1, ECF No. 79-1. That same day, the Director issued another memorandum rescinding the original termination memorandum and purporting to also rescind "the Message from the Director titled, No excuses. No Roadblocks. Just Better. (posted September 25, 2025), and any other contemporaneous communications by my office related to such rescission including, but not limited to, written communications, videos, and Sallyport announcements." ECF No. 79-2.

Plaintiffs seek to add those facts, in addition to several other developments since the original complaint was filed.

The supplemental complaint also seeks to add two counts based on the facts post-dating the original complaint. The proposed supplemental complaint alleges that Defendants' decision to re-terminate suffers from the same legal defects as the original termination; namely, the decision is arbitrary and capricious and violates the First Amendment. Those legal defects include the exact same ground on which this Court found the original termination likely arbitrary and capricious—BOP's stated reasons for taking action are pretextual.

Allowing the supplemental complaint will serve the interest of judicial economy because the new counts raise common legal issues, regarding the same CBA, to those already raised in this complaint. *See Quaratino*, 71 F.3d at 66 ("[L]eave to file a supplemental pleading should be freely permitted when the supplemental facts connect it to the original pleading."). In other recent cases challenging agency terminations of CBAs, courts have permitted supplemental complaints where the agency attempted to re-terminate after the initial termination was blocked. *See* Order Granting Mot. to Supplement, *American Federation of Government Employees v. Noem*, Case No. 2:25-cv-00451-JNW, ECF No. 84 at 2 (W.D. Wash. July 6, 2026).

In opposing this motion, Defendants have taken the position that Plaintiffs should instead be required to file an amended complaint rather than a supplemental complaint. But that is legally incorrect. Amended complaints "relate to matters that occurred prior to the filing of the original pleading and entirely replace the earlier pleading," whereas supplemental complaints are for "events subsequent to the" original complaint that serve as "additions to or continuations of the earlier pleadings." 6A Wright & Miller's Federal Practice and Procedure § 1504 (3d ed.); *see Slavenburg Corp. v. Bos. Ins. Co.*, 30 F.R.D. 123, 126 (S.D.N.Y. 1962). Here, the proposed supplemental complaint relates only to events subsequent to the original complaint, and thus is properly filed as a supplemental and not amended complaint.

Defendants will suffer no prejudice from permitting Plaintiffs to file the supplemental complaint. It pleads facts concerning the termination that are already being litigated, and permits the parties and the Court to address the legal consequences of that subsequent conduct in this action. Briefing for summary judgment has not yet begun, and this new complaint will allow the parties to move toward final judgment.

Given the factual developments and additions Plaintiffs seek to make to their complaint, and to serve the interests of justice, Plaintiffs should be granted leave to supplement their allegations and claims. *See* Fed. R. Civ. P. 15(a)(2), (d), Ex. 1.

Plaintiffs respectfully request that the Court grant this motion and allow Plaintiffs to file their Supplemental Complaint.

Dated: October 28, 2026

Respectfully submitted,

*/s/ Lynn D. Eisenberg*
Daniel F. Jacobson (D.C. Bar 1016621)*
Lynn D. Eisenberg (D.C. Bar 1017511)*
Brian C. Rosen-Shaud (D.C. Bar 90042065)*
Jacobson Lawyers Group PLLC
5100 Wisconsin Ave NW, Suite 301
Washington, D.C. 20016
(301) 823-1148
dan@jacobsonlawyersgroup.com

*Admitted *pro hac vice*

By: */s/ Logan J. Place*
Logan J. Place (ct31874)
Livingston, Adler, Pulda, Meiklejohn & Kelly, P.C.
557 Prospect Avenue, 2nd Floor
Hartford, CT 06105
(860) 233-9821
ljplace@lapmk.org

*Counsel for Plaintiffs*