**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| NATIONAL COUNCIL OF PRISON LOCALS et al., | : | No.: 3:25cv1907 (VDO) |
| Plaintiffs, | : | |
| v. | : | |
| FEDERAL BUREAU OF PRISONS et al., Defendants. | : | November 12, 2026 |

**DEFENDANTS' OPPOSITION TO**
**PLAINTIFFS' MOTION FOR LEAVE TO SUPPLEMENT**

Pursuant to Local Civil Rule 7 and the Court's Order, ECF No. 89, Defendants, the Federal Bureau of Prisons ("BOP") and William K. Marshall III, in his official capacity as Director of the BOP, hereby respectfully respond in opposition to Plaintiffs' motion for leave to file a supplemental complaint pursuant to Federal Rule of Civil Procedure 15(d), ECF No. 91 ("Motion to Supplement"). In the Motion to Supplement, Plaintiffs state they "seek to supplement solely to add facts and related claims based on events that have occurred since Plaintiffs filed their initial complaint on November 13, 2025. Of particular note, following this Court's order granting Plaintiffs' motion for preliminary injunction, BOP has made the final decision to re-terminate the [Collective Bargaining Agreement ("CBA")]. On October 7, 2026, the Bureau of Prisons released a memorandum purporting to effectuate that re-termination." *Id.*, p. 2 (citing ECF No. 79 at 1, ECF No. 79-1). As the Court voided Defendants' attempted re-termination, it would be futile to permit supplementation on this basis, as such supplementation could not "address the legal consequences of that subsequent conduct in this action" because the action has already been voided. *Id.*, p. 3.

## I. BACKGROUND

On September 29, 2026, the Court granted Plaintiff's Preliminary Injunction ("PI") motion. *See* PI Order, ECF No. 72. In the PI Order, the Court found the BOP Director's termination letter and public message were contradictory and, "[a]lthough an agency may have multiple reasons for its action, it cannot offer an entirely pretextual explanation that is undermined by its own contradictory assertions made the same day." *Id.*, p. 26. As such, the Court concluded that "Plaintiffs are likely to succeed on their claim that Defendants' decision to terminate the CBA was arbitrary and capricious in violation of the APA." *Id.*, p. 27. The Court also found Plaintiffs demonstrated that they will suffer irreparable harm that could not otherwise be remedied in the absence of a preliminary injunction and that the balance of the equities and the public interest also weigh in favor of granting a preliminary injunction. *Id.*, pp. 27-30. In granting the preliminary injunction, the Court concluded with an order that "Defendants shall immediately reinstate the CBA, as well as any amendments, local supplemental agreements, and memoranda of understanding that were in place subsidiary to the CBA, for the remainder of the agreed-upon term provided in the CBA." *Id.*, p. 32. Earlier in its PI Order, the Court also stated that "Defendants shall immediately reinstate the CBA for the remainder of the agreed-upon term provided in the CBA, and shall be governed by the terms of that agreement." *Id.*, p. 2.

On October 2, 2026, Defendants notified the Court of their intention to comply with the PI Order by filing a Notice of Compliance. *See* Notice, ECF No. 74. The Defendants made clear in the Notice "that they did not understand the Court's order to: (1) preclude the BOP from re-terminating the CBA in a fresh decision before the end of the CBA's term; or (2) mean that the Court intends to supervise every instance in which the BOP is alleged to have violated the CBA." *Id.*; *see also* Enforcement Order, pp. 2-3. Plaintiffs did not respond directly to the Notice of

Compliance. On October 6, 2026, Plaintiffs filed a Motion for Contempt or Alternatively to Enforce. *See* Enforcement Motion, ECF No. 75. Plaintiffs then supplemented the Enforcement Motion on October 7, 2026, with a Notice informing the Court that, after filing the Motion, Plaintiffs' counsel learned that Defendants had approved some official time requests, approved a request for union space, and granted approval for union representation at a committee meeting. *See* ECF No. 78; *see also* Enforcement Order, p. 4.

On October 7, 2026, Director Marshall issued a memorandum to CPL33 President White (the "Rescission Memorandum"), rescinding the Message from the Director issued on September 25, 2025, as well as the September 25, 2025, memorandum terminating the CBA. *See* Supplemental Hemingway Dec., ECF No. 79-1 ¶12 and Ex. A to Hemingway Dec., ECF No. 79-2. Also on October 7, 2026, Director Marshall issued another memorandum to President White terminating the existing CBA. *See* Ex. B. to Supplemental Hemingway Dec., ECF No. 79-3 at 1.

The Court held oral argument on the Enforcement Motion on October 13, 2026. *See* ECF No. 82. The Court then issued the Enforcement Order on October 16, 2026, and denied Plaintiffs' motion to the extent it sought to hold Defendants in contempt. The Court's Enforcement Order, in relevant part, voided Defendants' attempted re-termination of the CBA and directed that Defendants must have a properly filed motion to clarify, modify, or dissolve the PI Order granted first—otherwise the CBA remains in effect until the natural expiration. *See* Enforcement Order, p. 10, ECF No. 84.

On October 21, 2026, Defendants filed an Emergency Motion on the Court's PI Order or, alternatively, for modification or dissolution of Preliminary Injunction. *See* ECF No. 85. On October 21, 2026, the Court issued an order stating that it would consider clarification of its PI Order on an expedited basis as Defendants "have good cause to ensure that they are fully compliant

with this Court's orders, while they simultaneously attempt to follow executive orders in a timely manner." *See* ECF No. 87. The Court also stated that it would not consider Defendants' motion's alternative request for modification or dissolution of its PI Order on an expedited basis and ostensibly denied it without prejudice, stating "briefing [on modification or dissolution of its PI Order] will proceed pursuant to the Local Rules if or when Defendants file a new motion." *Id; see also* ECF No. 95.

On November 10, 2026, the Court issued its order on clarification of the PI, finding that "the Court did not suggest that the CBA could never be dissolved prior to its end-date. . . . There could be alternative bases to dissolve the CBA that are sufficient under the APA. But this does not likewise mean that Defendants can ignore Court orders, take unilateral action, or otherwise purport to dissolve the CBA without a proper motion to the Court and without dissolving the PI Order." Clarification Order, ECF No. 95. The Clarification Order further emphasized that "Defendants' re-termination of the CBA was void 'because Defendants unilaterally terminated the CBA without first moving the Court to modify the PI Order.'" *Id.* (citing ECF No. 84 at 10).

## II. LEGAL STANDARD

The Federal Rules of Civil Procedure provide that, "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). The Court has discretion to grant a Rule 15(d) motion "upon reasonable notice and upon such terms as may be just." *Quaratino v. Tiffany & Co.*, 71 F.3d 58, 66 (2d Cir. 1995) ("[L]eave ... should be freely permitted when the supplemental facts connect it to the original pleading."). "Absent undue delay, bad faith, dilatory tactics, undue prejudice to the party to be served with the proposed pleading, or futility, the motion should be freely granted." *Id.* (citing

*Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see also Sabir v. Licon-Vitale*, No. 3:20cv01552 (VAB), 2022 WL 1291731, at *11 (D. Conn. Apr. 29, 2022); *Holley v. Cook*, No. 3:20cv170 (MPS), 2021 WL 805437, at *2 (D. Conn. Mar. 3, 2021).

## III. ARGUMENT

As the Court voided Defendants attempted re-termination of the CBA, it would be futile to permit supplementation on this basis, as such supplementation could not address the legal consequences of a since-voided action.

"Courts in the Second Circuit apply the same standards to motions to supplement a complaint under Rule 15(d) of the Federal Rules of Civil Procedure as to motions to amend under Rule 15(a)(2)." *Sabir,* 2022 WL 1291731, at *11 (citing *Shubert v. Town of Glastonbury*, No. 3:18cv00112 (MPS), 2020 WL 6395472, at *1 (D. Conn. Nov. 2, 2020). While supplementation or amendment may be appropriate "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief," *Foman* 371 U.S. at 182, it follows that supplementation would not be appropriate if the underlying facts or circumstances are not a proper subject of relief. Indeed "[a] claim may be futile 'if the proposed change advances a claim or defense that is legally insufficient on its face,' in which case 'the court may deny leave to amend.'" *Betts v. Armstrong*, No. 1:25cv341, 2025 WL 1435105, at *1 (M.D.N.C. May 19, 2025), *aff'd*, No. 25-1607, 2025 WL 2438193 (4th Cir. Aug. 25, 2025) (quoting *Williams v. Little Rock Mun. Water Works*, 21 F.3d 218, 225 (8th Cir. 1994)).

In the Motion to Supplement, Plaintiffs state that "[i]n opposing this motion, Defendants have taken the position that Plaintiffs should instead be required to file an amended complaint rather than a supplemental complaint." Motion to Supplement, p. 3, ECF No. 91. Defendants stated their position to Plaintiffs prior to the Court voiding BOP's re-termination of the CBA. In the

prayer for relief contained within the proposed supplemental complaint, Plaintiffs ask the court to "[d]eclare unlawful, vacate, and set aside Defendants' [voided] unlawful final decision to re-terminate CPL-33's CBA as arbitrary and capricious, an abuse of discretion, and unlawful under the First Amendment." *Id.*, p. 13. As it stands now, neither supplementation or amendment would be appropriate to set out a voided action in a pleading—it is simply a part of this case's procedural history and a voided re-termination is without legal effect, and cannot form the basis for Plaintiffs' new claims set forth in their proposed supplemental complaint. As such, it would be futile to permit supplementation on this basis.

## IV. CONCLUSION

As the Court voided Defendants' attempted re-termination of the CBA, it would be futile to permit supplementation on this basis, as such supplementation could not address the legal consequences of a since-voided action. Defendants respectfully request this Court deny Plaintiffs' Motion to Supplement as futile.

Respectfully submitted,

THE FEDERAL BUEARU OF PRISONS; and
WILLIAM K. MARSHALL III, in his official
capacity as Director of the BOP

By their attorneys

DAVID X. SULLIVAN
United States Attorney

/s/

J. Brian Meskill (ct29611)
Assistant United States Attorney
450 Main Street, Rm. 328
Hartford, CT 06103
Tel.: 860-947-1101

Fax: (860) 760-7979
Email: Brian.Meskill@usdoj.gov

JONATHAN D. GUYNN
Acting Assistant Attorney General

Tyler J. Becker (VA Bar No. 97636)
Counsel to the Assistant Attorney General
Office of the Assistant Attorney General
Civil Division
950 Pennsylvania Ave Nw Rm. 3614
Washington, DC 20530
202-514-4052
Email:Tyler.Becker@usdoj.Gov

Jeremy Mauritzen (CA Bar 354615)
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch 1100 L
Street, N.W.
Washington, D.C. 20005
Tel.: (202) 598-7315
Email: Jeremy.Mauritzen@usdoj.gov